STATE OF CONNECTICUT



Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157

**STATEWIDE GRIEVANCE COMMITTEE**

Second Floor -- Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

FREDERICK D BALDWIN                                      07/05/2002
365 SILAS DEANE HWY.
WETHERSFIELD      CT 06109

RE:   GRIEVANCE COMPLAINT #00-0445
      HORWITCH vs. BALDWIN

Dear Respondent:

Enclosed   herewith is the decision of the reviewing committee
of   the   Statewide   Grievance   Committee   concerning   the   above-
referenced   matter.   In accordance with the Practice Book Sections
2-35,   2-36   and   2-38(a),   you may, within thirty (30) days of the
date  of this notice, submit to the Statewide Grievance Committee a
request for review of the decision.

A   request   for  review must be sent to the Statewide Grievance
Committee at the address listed above.

Sincerely,

Maureen A. Horgan
Assistant Bar Counsel

Encl.
cc:  Attorney Atherton B. Ryan

STATE OF CONNECTICUT



Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157

## STATEWIDE GRIEVANCE COMMITTEE

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

07/05/2002

DANIEL B HORWITCH
STATEWIDE BAR COUNSEL
287 MAIN ST 2ND FL #2
EAST HARTFORD    CT 06118-1885

RE:  GRIEVANCE COMPLAINT #00-0445
     HORWITCH vs. BALDWIN

Dear Complainant:

Enclosed herewith is the decision of the reviewing committee of the Statewide Grievance Committee concerning your complaint.

Sincerely,

Maureen A. Horgan
Assistant Bar Counsel

Encl.
cc:  Attorney Atherton B. Ryan

## STATEWIDE GRIEVANCE COMMITTEE

Daniel B. Horwitch
Statewide Bar Counsel
    Complainant                  :

                         :       Grievance Complaint #00-0445
  vs.                  :

Frederick D. Baldwin
    Respondent                 :

## DECISION

Pursuant to Practice Book §2-35, the undersigned, duly-appointed reviewing committee of the Statewide Grievance Committee, conducted hearings at the Superior Court, 1061 Main Street, Bridgeport, Connecticut on May 3, 2001, July 11, 2001 and September 12, 2001. The hearings addressed the record of the complaint filed on November 24, 2000, and the probable cause determination filed by the New Britain/Hartford Judicial District Geographical Areas 12 and 16 Grievance Panel, on January 17, 2001, finding that there existed probable cause that the Respondent violated Rules 1.15 and 8.4 of the Rules of Professional Conduct and Practice Book §2-32(a)(1).

Notice of the hearing on May 3, 2001 was mailed to the Respondent on March 28, 2001. Notice of the hearing on July 11, 2001 was mailed to the Respondent on May 22, 2001. Notice of the hearing on September 12, 2001 was mailed to the Respondent on July 26, 2001. The hearings on May 3, 2001 and July 11, 2001 were continued at the request of the Respondent. The Respondent did not appear at the hearing on September 12, 2001.

This reviewing committee makes the following findings of fact by clear and convincing evidence:

On October 16, 2000 and October 17, 2000, checks numbered 1539 and 1544, in the amount of three thousand four hundred seventy-one dollars and fifty-three cents ($3,471.53) and four hundred sixty-two dollars and twenty cents ($462.20) respectively, were presented for payment from the Respondent's clients' trust account #i49000448 at Glastonbury Bank and Trust Company. There were insufficient funds in the account to cover these checks.

On October 24, 2000, the Complainant wrote to the Respondent pursuant to Connecticut Practice Book §2-28, and the Rules of Procedure adopted by the Statewide Grievance Committee, requesting a written explanation of the overdraft, along with documentary evidence within ten (10) days. No response was received by the Complainant from the Respondent.

On November 7, 2000, the Complainant again wrote to the Respondent requesting an

Decision
Grievance Complaint #00-0445
Page 2

explanation of the overdraft, along with documentary evidence, within ten (10) days. No response was received to the Complainant's second letter to the Respondent. The Complainant thereafter filed this grievance complaint. The Respondent did not file an answer to the complaint.

This reviewing committee finds the following violations of the Rules of Professional Conduct and the Practice Book by clear and convincing evidence:

By failing to file a timely response to this grievance complaint without good cause shown, the Respondent violated Practice Book § 2-32(a)(1). By overdrawing his clients' funds account, the Respondent failed to safeguard funds of his clients in violation of Rules 1.15 and 8.4 of the Rules of Professional Conduct. Accordingly, this reviewing committee orders that the Respondent be presented to the Superior Court for the imposition of whatever discipline the court may deem appropriate.

Attorney Raymond B. Rubens

Attorney Rita A. Steinberger

Reverend Meredith Payton

(5)
kag

STATE OF CONNECTICUT

Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157



## STATEWIDE GRIEVANCE COMMITTEE

Second Floor – Suite Two

287 Main Street, East Hartford, Connecticut 06118-1885

GORDON RAMSAY
C/O CLEAVELAND, INC.
1294 BLUE HILLS AVE
BLOOMFIELD        CT 06002

12/21/2001

RE:   GRIEVANCE COMPLAINT #00-0461
      RAMSAY vs. BALDWIN

Dear Complainant:

     Enclosed  herewith  is the decision of the reviewing committee
of the Statewide Grievance Committee concerning your complaint.

                              Sincerely,

                              Daniel B. Horwitch

Encl.
cc:  Attorney Atherton B. Ryan

STATE OF CONNECTICUT

Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157



## STATEWIDE GRIEVANCE COMMITTEE

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

12/21/2001

FREDERICK D BALDWIN
365 SILAS DEANE HWY.
WETHERSFIELD    CT 06109

RE:   GRIEVANCE COMPLAINT #00-0461
      RAMSAY vs. BALDWIN

Dear Respondent:

     Enclosed    herewith is the decision of the reviewing committee
of   the   Statewide  Grievance  Committee  concerning  the  above-
referenced   matter.   In accordance with the Practice Book Sections
2-35,   2-36  and  2-38(a),  you may, within thirty (30) days of the
date  of this notice, submit to the Statewide Grievance Committee a
request for review of the decision.

     A  request  for review must be sent to the Statewide Grievance
Committee at the address listed above.

                                   Sincerely,

                                   Daniel B. Horwitch

Encl.
cc:  Attorney Atherton B. Ryan

STATEWIDE GRIEVANCE COMMITTEE

Gordon Ramsay
     Complainant                 :

vs.                        :       Grievance Complaint #00-0461

Frederick Baldwin
     Respondent                :

## DECISION

Pursuant to Practice Book §2-35, the undersigned, duly-appointed reviewing committee of the Statewide Grievance Committee, conducted a hearing at the Superior Court, 1061 Main Street, Bridgeport, Connecticut on August 8, 2001. The hearing addressed the record of the complaint filed on November 30, 2000, and the probable cause determinations filed by the New Britain/Hartford Judicial District, Geographical Area 12 and 16 Grievance Panel on January 17, 2001 and July 19, 2001 finding that there existed probable cause that the Respondent violated Rule 8.4 of the Rules of Professional Conduct and Practice Book §2-32(a)(1).

Notice of the August 8, 2001 hearing was mailed to the Complainant and to the Respondent on June 5, 2001. Neither the Complainant nor the Respondent appeared at the hearing. Accordingly, this reviewing committee considered the grievance on the written record before us.

This reviewing committee finds the following facts by clear and convincing evidence:

The Complainant is a representative of Cleveland Legal Forms (hereinafter, "Cleveland"). On or around December 23, 1998, Cleveland obtained a judgment in the amount of $1,123.56 against the Respondent in small claims court. The Respondent was ordered to make weekly payments, commencing on January 12, 1999. After the Respondent failed to pay the judgment, Cleveland's legal counsel petitioned the court to examine the Respondent as a judgment debtor. The court scheduled a hearing on that matter for June 21, 2000 and a subpoena duces tecum was issued by Cleveland's legal counsel to compel the Respondent's attendance at that hearing. The subpoena was served by a deputy sheriff on May 18, 2000. The Respondent failed to honor the subpoena and, accordingly, a new petition for examination of judgment debtor was filed by Cleveland's legal counsel on or around August 25, 2000. A new hearing was scheduled on the petition for examination of judgment debtor for October 11, 2000 and a new subpoena was prepared to compel the Respondent's attendance at that hearing. The Respondent, again, failed to attend the October 11, 2000 hearing, and a new hearing was scheduled for November 15, 2000. In anticipation of the November 15, 2000 hearing, the small claims court issued a capias letter to the Respondent ordering him to appear at that time. The Respondent did not appear at the November 15, 2000 hearing, requiring a capias to be issued by the court.

The Respondent did not answer the grievance complaint.

Grievance Complaint #00-0461
Decision
Page 2

This reviewing committee concludes by clear and convincing evidence that the Respondent has engaged in serious misconduct. In December of 1998, the Complainant's company obtained a judgment against the Respondent. The Respondent failed to pay the judgment, then flagrantly disobeyed various court orders to appear at hearings, the purpose of which were to examine him as a judgment debtor. The court was forced to issue a capias to bring the Respondent to court. We conclude that this conduct violated Rule 8.4(4) of the Rules of Professional Conduct. Additionally, the Respondent failed to answer the grievance complaint in violation of Practice Book §2-32(a)(1).

In light of the seriousness of the misconduct, it is the order of this reviewing committee that the Respondent be presented to the Superior Court for whatever discipline the court deems appropriate.

Attorney Raymond B. Rubens

Attorney Rita A. Steinberger

Reverend Meredith Payton

(9)
asc

STATE OF CONNECTICUT

Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157



## STATEWIDE GRIEVANCE COMMITTEE

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

07/05/2002

DANIEL B HORWITCH
STATEWIDE BAR COUNSEL
287 MAIN ST 2ND FL #2
EAST HARTFORD    CT 06118-1885

RE:    GRIEVANCE COMPLAINT #00-0552
       HORWITCH vs. BALDWIN

Dear Complainant:

    Enclosed herewith is the decision of the reviewing committee
of the Statewide Grievance Committee concerning your complaint.

Sincerely,

Maureen A. Horgan
Assistant Bar Counsel

Encl.
cc:  Attorney Atherton B. Ryan

STATE OF CONNECTICUT

Daniel B. Horwitch
Statewide Bar Counse
(860) 568-5157



## STATEWIDE GRIEVANCE COMMITTEE

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

07/05/2002

FREDERICK D BALDWIN
365 SILAS DEANE HWY.
WETHERSFIELD     CT 06109

RE:   GRIEVANCE COMPLAINT #00-0552
      HORWITCH vs. BALDWIN

Dear Respondent:

     Enclosed   herewith is the decision of the reviewing committee
of the Statewide Grievance Committee concerning the above-
referenced matter. In accordance with the Practice Book Sections
2-35, 2-36 and 2-38(a), you may, within thirty (30) days of the
date of this notice, submit to the Statewide Grievance Committee a
request for review of the decision.

     A request for review must be sent to the Statewide Grievance
Committee at the address listed above.

                                        Sincerely,

                                        Maureen A. Horgan
                                        Assistant Bar Counsel

Encl.
cc:  Attorney Atherton B. Ryan

STATEWIDE GRIEVANCE COMMITTEE

Daniel B. Horwitch
Statewide Bar Counsel
    Complainant                     :

  vs.                           :       Grievance Complaint #00-0552

Frederick D. Baldwin
    Respondent                     :


## DECISION

Pursuant to Practice Book §2-35, the undersigned, duly-appointed reviewing committee of the Statewide Grievance Committee, conducted hearings at the Superior Court, 1061 Main Street, Bridgeport, Connecticut on May 3, 2001, July 11, 2001 and September 12, 2001. The hearings addressed the record of the complaint filed on January 11, 2001, and the probable cause determination filed by the New Britain/Hartford Judicial District, Geographical Areas 12 and 16 Grievance Panel on March 16, 2001, finding that there existed probable cause that the Respondent violated Rules 1.15 and 8.4 of the Rules of Professional Conduct and Practice Book §2-32(a)(1).


Notice of the May 3, 2001 hearing was mailed to the Respondent on March 28, 2001. Notice of the July 11, 2001 hearing was mailed to the Respondent on May 22, 2001. Notice of September 12, 2001 hearing was mailed to the Respondent on July 26, 2001. The hearings on May 3, 2001 and July 11, 2001 were continued at the request of the Respondent. The Respondent did not appear at the hearing on September 12, 2001.

This reviewing committee makes the following findings of fact by clear and convincing evidence:

On November 29, 2000, check number 1584 in the amount of three thousand three hundred sixteen dollars ($3,316.00) was presented from the Respondent's Client Trust Account #149000448 at Glastonbury Bank and Trust Company. There were insufficient funds in the account to cover this check.

On December 13, 2000, the Complainant wrote to the Respondent pursuant to Connecticut Practice Book §2-28 and Rules of Procedure adopted by the Statewide Grievance Committee, requesting a written explanation of the overdraft, along with documentary evidence, within ten (10) days. No response was received by the Complainant from the Respondent.

On December 28, 2000, the Complainant again wrote to the Respondent requesting an explanation of the overdraft, along with documentary evidence, within ten (10) days. No response

Decision
Grievance Complaint #00-0552
Page 2

was received to the Complainant's second letter to the Respondent. The Complainant thereafter filed this grievance complaint. The Respondent did not file an answer to the complaint.

This reviewing committee finds the following violations of the Rules of Professional Conduct and the Practice Book by clear and convincing evidence:

By failing to file a timely response to this grievance complaint without good cause shown, the Respondent violated Practice Book § 2-32(a)(1). By overdrawing his clients' funds account, the Respondent failed to safeguard funds of his clients in violation of Rules 1.15 and 8.4 of the Rules of Professional Conduct. Accordingly, this reviewing committee orders that the Respondent be presented to the Superior Court for the imposition of whatever discipline the court may deem appropriate.

_____
Attorney Raymond B. Rubens

_____
Attorney Rita A. Steinberger

_____
Reverend Meredith Payton

(5)
kag

STATE OF CONNECTICUT

Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157



## STATEWIDE GRIEVANCE COMMITTEE

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

01/04/2002

DANIEL B HORWITCH
STATEWIDE BAR COUNSEL
287 MAIN ST 2ND FL #2
EAST HARTFORD    CT 06118-1885


RE:   GRIEVANCE COMPLAINT #00-0625
      HORWITCH vs. BALDWIN

Dear Complainant:

     Enclosed  herewith  is the decision of the reviewing committee
of the Statewide Grievance Committee concerning your complaint.


                              Sincerely,

                              Frances Mickelson-Dera
                              Assistant Bar Counsel


Encl.
cc:  Attorney Atherton B. Ryan

STATE OF CONNECTICUT



Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157

## STATEWIDE GRIEVANCE COMMITTEE

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

FREDERICK D BALDWIN                                        01/04/2002
365 SILAS DEANE HWY.
WETHERSFIELD     CT 06109

RE:  GRIEVANCE COMPLAINT #00-0625
     HORWITCH vs. BALDWIN

Dear Respondent:

    Enclosed   herewith is the decision of the reviewing committee
of   the   Statewide   Grievance   Committee   concerning   the   above-
referenced   matter.   In accordance with the Practice Book Sections
2-35,   2-36   and   2-38(a),   you may, within thirty (30) days of the
date   of this notice, submit to the Statewide Grievance Committee a
request for review of the decision.

    A   request   for review must be sent to the Statewide Grievance
Committee at the address listed above.

                                  Sincerely,

                                  Frances Mickelsastlee

                                  Frances Mickelson-Dera
                                  Assistant Bar Counsel

Encl.
cc:  Attorney Atherton B. Ryan

STATEWIDE GRIEVANCE COMMITTEE

Daniel B. Horwitch
      Statewide Bar Counsel
      Complainant

  vs.                           :       Grievance Complaint #00-0625

Frederick Baldwin
      Respondent               :

## DECISION

      Pursuant to Practice Book §2-35, the undersigned, duly-appointed reviewing committee of the Statewide Grievance Committee, conducted a hearing at the Superior Court, 95 Washington Street, Hartford, Connecticut on June 7, 2001. The hearing addressed the record of the complaint filed on February 8, 2001, and the probable cause determination filed by the New Britain/Hartford Judicial District, Geographical Areas 12 and 16 Grievance Panel on April 17, 2001, finding that there existed probable cause that the Respondent violated Rules 1.15 and 8.4 of the Rules of Professional Conduct and Practice Book §2-32(a)(1).

      Notice of the hearing was mailed to the Respondent on March 28, 2001. The Respondent appeared and testified at the hearing.

      Reviewing committee member Attorney Kerry Tarpey was not available for the June 7, 2001 hearing. The Respondent did not waive the participation of Attorney Tarpey in the decision of this case. Accordingly, Attorney Tarpey reviewed the transcript and record of this matter and therefore this decision was rendered by the undersigned.

      This reviewing committee finds the following facts by clear and convincing evidence:

      Pursuant to Connecticut Practice Book §2-28, on January 8, 2001 Glastonbury Bank & Trust Company notified the Statewide Grievance Committee that three checks totaling $13,383.99 were presented for payment against the Respondent clients' funds account and were returned because there were insufficient funds in that account. In accordance with Statewide Grievance Committee Rules of Procedure, Statewide Bar Counsel requested a written explanation of the overdrafts on January 9, 2001 and again on January 23, 2001. The Respondent did not respond and therefore a grievance complaint was filed.

      This reviewing committee also considered the following evidence:

      At the hearing, the Respondent testified that he did not answer the grievance complaint because he believed he had answered by responding to other disciplinary matters that related to the Respondent's IOLTA account. The Respondent further testified that he believed the overdrafts

Grievance Complaint #00-0625
Decision
Page 2

were caused by interoffice accounting errors but he did not produce client ledgers and balance sheets as evidence of this and the Respondent was not sure exactly what the errors were. The Respondent also testified that these overdrafts were not isolated incidents and others had occurred to his clients' funds account in the past. He further testified that he may have used his clients' funds for personal use, although he could not be sure.

This reviewing committee concludes by clear and convincing evidence that the Respondent violated the Rules of Professional Conduct. This reviewing committee does not find persuasive the Respondent's explanation for his failure to answer the grievance complaint and therefore we conclude that the Respondent violated Practice Book §2-32(a)(1). The Respondent could not document or explain the precise cause of the overdrafts and the reviewing committee finds that these three overdrafts were not an isolated occurrence to the Respondent's clients' funds account but a part of a series of overdrafts. Therefore, this reviewing committee finds by clear and convincing evidence that the Respondent failed to properly safeguard his clients' funds in violation of Rule 1.15(a) and 8.4 of the Rules of Professional Conduct. It is the decision of this reviewing committee that the Respondent be presented to the Superior Court for whatever discipline the court deems appropriate.

_____
Attorney Robert J. Kor

_____
Mr. Terrence Nichols

_____
Attorney Kerry A. Tarpey

(B)
asc

STATE OF CONNECTICUT

Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157



## STATEWIDE GRIEVANCE COMMITTEE

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

12/21/2001

DANIEL B HORWITCH
STATEWIDE BAR COUNSEL
287 MAIN ST 2ND FL #2
EAST HARTFORD    CT 06118-1885

RE:  GRIEVANCE COMPLAINT #00-0715
     HORWITCH vs. BALDWIN

Dear Complainant:

     Enclosed  herewith  is the decision of the reviewing committee
of the Statewide Grievance Committee concerning your complaint.

Sincerely,

Michael P. Bowler
Assistant Bar Counsel

Encl.
cc:  Attorney Atherton B. Ryan

Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157

STATE OF CONNECTICUT



## STATEWIDE GRIEVANCE COMMITTEE

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

12/21/2001

FREDERICK D BALDWIN
365 SILAS DEANE HWY.
WETHERSFIELD     CT 06109


RE:  GRIEVANCE COMPLAINT #00-0715
     HORWITCH vs. BALDWIN


Dear Respondent:

    Enclosed   herewith is the decision of the reviewing committee
of   the   Statewide  Grievance  Committee  concerning  the  above-
referenced   matter.   In accordance with the Practice Book Sections
2-35,  2-36  and  2-38(a),  you may, within thirty (30) days of the
date  of this notice, submit to the Statewide Grievance Committee a
request for review of the decision.

    A  request  for review must be sent to the Statewide Grievance
Committee at the address listed above.


                              Sincerely,

                              Michael P. Bowler
                              Assistant Bar Counsel


Encl.
cc:  Attorney Atherton B. Ryan

STATEWIDE GRIEVANCE COMMITTEE

Daniel B. Horwitch
    Statewide Bar Counsel
    Complainant              :

  vs.                            :       Grievance Complaint #00-0715

Frederick Baldwin
    Respondent              :

## DECISION

Pursuant to Practice Book §2-35, the undersigned, duly-appointed reviewing committee of the Statewide Grievance Committee, conducted a hearing at the Superior Court, 1061 Main Street, Bridgeport, Connecticut on August 8, 2001. The hearing addressed the record of the complaint filed on March 8, 2001, and the probable cause determination filed by the New Britain/Hartford Judicial District, Geographical Areas 12 and 16 Grievance Panel on May 29, 2001, finding that there existed probable cause that the Respondent violated Rules 1.15 and 8.4 of the Rules of Professional Conduct and Practice Book §2-32(a)(1).

Notice of the hearing was mailed to the Respondent on July 9, 2001. The Respondent did not appear at the hearing. Accordingly, this reviewing committee decided the grievance based upon the written record.

This reviewing committee finds the following facts by clear and convincing evidence:

On January 29, 2000, Glastonbury Bank & Trust Company notified the Statewide Grievance Committee that the Respondent's trust account, number 149000448, was overdrawn on or around January 12, 2001 when check number 1450 in the amount of $1,125.00 was presented for payment against insufficient funds. The check was returned unpaid. Thereafter, the Statewide Bar Counsel wrote to the Respondent on January 30, 2001 and February 16, 2001 requesting an explanation for the overdraft. The Respondent did not respond to either letter. Accordingly, pursuant to Rule 9(B)(2) of the Statewide Grievance Committee Rules of Procedure, the Statewide Bar Counsel filed a grievance complaint against the Respondent on March 8, 2001. The Respondent did not file an answer to the grievance complaint.

This reviewing committee concludes by clear and convincing evidence that the Respondent engaged in misconduct with regard to his clients' trust account. The Respondent's complete failure to explain the overdraft in his clients' trust account with Glastonbury Bank & Trust Company leads us to conclude by clear and convincing evidence that the Respondent failed to safeguard clients' funds in violation of Rule 1.15(a) of the Rules of Professional Conduct. This reviewing committee also concludes the Respondent's overdraft of his clients' trust account and his failure to explain the overdraft indicates to this reviewing committee that the Respondent has engaged in dishonest conduct in violation of Rule 8.4(3) of the Rules of Professional Conduct.

Grievance Complaint #00-0715
Decision
Page 2

Finally, the Respondent's failure to answer the grievance complaint violated Practice Book §2-32(a)(1).

Accordingly, it is the decision of this reviewing committee that the Respondent be presented to the Superior Court for whatever discipline the court deems appropriate.

Attorney Raymond B. Rubens

Attorney Rita A. Steinberger

Reverend Meredith Payton

(9)
asc

STATE OF CONNECTICUT



Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157

## STATEWIDE GRIEVANCE COMMITTEE

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885


DANIEL B HORWITCH                                    06/27/2003
STATEWIDE BAR COUNSEL
287 MAIN ST 2ND FL #2
EAST HARTFORD   CT 06118-1885


RE:  GRIEVANCE COMPLAINT #00-0873
     HORWITCH vs. BALDWIN


Dear Complainant:

    Enclosed  herewith  is the decision of the reviewing committee
of the Statewide Grievance Committee concerning your complaint.



                         Sincerely,

                         Michael P. Bowler
                         Assistant Bar Counsel


Encl.
cc:  Attorney Atherton B. Ryan

STATE OF CONNECTICUT



Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157

**STATEWIDE GRIEVANCE COMMITTEE**

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

06/27/2003

FREDERICK D BALDWIN
365 SILAS DEANE HWY.
WETHERSFIELD    CT 06109

RE:  GRIEVANCE COMPLAINT #00-0873
     HORWITCH vs. BALDWIN

Dear Respondent:

Enclosed  herewith is the decision of the reviewing committee of the Statewide Grievance Committee concerning the above-referenced matter. In accordance with the Practice Book Sections 2-35, 2-36 and 2-38(a), you may, within thirty (30) days of the date of this notice, submit to the Statewide Grievance Committee a request for review of the decision.

A request for review must be sent to the Statewide Grievance Committee at the address listed above.

Sincerely,

Michael P. Bowler
Assistant Bar Counsel

Encl.
cc:  Attorney Atherton B. Ryan

## NOTICE REGARDING DECISION
## - PRESENTMENT -

### GRIEVANCE COMPLAINT # OO-O873

**THE ATTACHED DECISION IS PRESENTLY <u>STAYED</u> IN ACCORDANCE WITH PRACTICE BOOK §2-35.**

**SECTION 2-35 STATES, IN PART, AS FOLLOWS:**

> **(e) ... Enforcement of the final decision ... shall be stayed for thirty days from the date of the issuance to the parties of the final decision.  In the event the respondent timely submits to the statewide grievance committee a request for review of the final decision of the reviewing committee, such stay shall remain in full force and effect pursuant to Section 2-38(b).**

**Note:    This stay terminates upon the issuance of a final decision by the Statewide Grievance Committee.**

**DECISION DATE:** 6-27-2003

## STATEWIDE GRIEVANCE COMMITTEE

Daniel B. Horwitch
Statewide Bar Counsel
     Complainant                           :

vs.                                  :       Grievance Complaint #00-0873

Frederick D. Baldwin
     Respondent                            :

## DECISION

Pursuant to Practice Book §2-35, the undersigned, duly-appointed reviewing committee of the Statewide Grievance Committee, conducted a hearing at the Superior Court, 1061 Main Street, Bridgeport, Connecticut on September 12, 2001. The hearing addressed the record of the complaint filed on May 3, 2001, and the probable cause determination filed by the New Britain/Hartford Judicial District Grievance Panel, Geographical Areas 12 and 16 on July 2, 2001, finding that there existed probable cause that the Respondent violated Rules 1.15 and 8.4 of the Rules of Professional Conduct and Practice Book §2-32(a)(1).

Notice of the hearing on September 12, 2001 was mailed to the Respondent on July 26, 2001. The Respondent did not appear at the hearing on September 12, 2001.

This reviewing committee makes the following findings of fact by clear and convincing evidence:

On March 15, 2001, March 20, 2001 and March 21, 2001, checks numbered 1701, 1697, 1696 and 1689 in the amounts of one hundred dollars ($100.00), sixty-five dollars ($65.00), one hundred eighty-five dollars ($185.00) and one hundred seventy-nine dollars and fifty cents ($179.50) respectively, and a debit in the amount of three thousand ten dollars, ($3,010.00) were presented for payment from the Respondent's Client Trust Account #149000448 at Glastonbury Bank and Trust Company. There were insufficient funds in the account to cover these transactions. On March 29, 2001, the Complainant wrote to the Respondent pursuant to Connecticut Practice Book §2-28 and Rules of Procedure adopted by the Statewide Grievance Committee, requesting a written explanation of the overdraft, along with documentary evidence within ten (10) days. No response was received by the Complainant from the Respondent. On April 17, 2001, the Complainant again wrote to the Respondent requesting an explanation of the overdraft, along with documentary evidence, within ten (10) days. No response was received to the Complainant's second letter to the Respondent. The Complainant thereafter filed this grievance complaint. The Respondent did not file an answer to the complaint.

Decision
Grievance Complaint #00-0873
Page 2

This reviewing committee finds the following violations of the Rules of Professional Conduct and the Practice Book by clear and convincing evidence:

By failing to file a timely response to this grievance complaint without good cause shown, the Respondent violated Practice Book § 2-32(a)(1).  By overdrawing his clients' funds account, the Respondent failed to safeguard his clients' funds in violation of Rules 1.15 and 8.4 of the Rules of Professional Conduct.  Accordingly, this reviewing committee orders that the Respondent be presented to the Superior Court for the imposition of whatever discipline the court may deem appropriate.

Attorney Raymond B. Rubens

Attorney Rita A. Steinberger

Reverend Meredith Payton

(5)
kag

STATE OF CONNECTICUT



Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157

## STATEWIDE GRIEVANCE COMMITTEE

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

DANIEL B HORWITCH                                              07/05/2002
STATEWIDE BAR COUNSEL
287 MAIN ST. 2ND FL #2
EAST HARTFORD    CT 06118-1885


RE:   GRIEVANCE COMPLAINT #00-0901
      HORWITCH vs. BALDWIN


Dear Complainant:

     Enclosed  herewith  is the decision of the reviewing committee
of the Statewide Grievance Committee concerning your complaint.




                                      Sincerely,


                                      Maureen A. Horgan
                                      Assistant Bar Counsel


Encl.
cc:  Attorney Atherton B. Ryan

STATE OF CONNECTICUT



Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157

**STATEWIDE GRIEVANCE COMMITTEE**

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

FREDERICK D BALDWIN
365 SILAS DEANE HWY.
WETHERSFIELD    CT 06109

07/05/2002

RE:  GRIEVANCE COMPLAINT #00-0901
     HORWITCH vs. BALDWIN

Dear Respondent:

    Enclosed   herewith is the decision of the reviewing committee of the Statewide Grievance Committee concerning the above-referenced matter. In accordance with the Practice Book Sections 2-35, 2-36 and 2-38(a), you may, within thirty (30) days of the date of this notice, submit to the Statewide Grievance Committee a request for review of the decision.

    A request for review must be sent to the Statewide Grievance Committee at the address listed above.

                                    Sincerely,

                                    Maureen A. Horgan
                                    Assistant Bar Counsel

Encl.
cc:  Attorney Atherton B. Ryan

STATEWIDE GRIEVANCE COMMITTEE

Daniel B. Horwitch
Statewide Bar Counsel
      Complainant                   :

                                         :    Grievance Complaint #00-0901
  vs.

Frederick D. Baldwin
      Respondent                    :

## DECISION

      Pursuant to Practice Book §2-35, the undersigned, duly-appointed reviewing committee of the Statewide Grievance Committee, conducted a hearing at the Superior Court, 1061 Main Street, Bridgeport, Connecticut on September 12, 2001. The hearing addressed the record of the complaint filed on May 3, 2001, and the probable cause determination filed by the New Britain/Hartford Judicial District Grievance Panel, Geographical Areas 12 and 16 on July 2, 2001, finding that there existed probable cause that the Respondent violated Rules 1.15 and 8.4 of the Rules of Professional Conduct and Practice Book §2-32(a)(1).

      Notice of the hearing on September 12, 2001 was mailed to the Respondent on July 26, 2001. The Respondent did not appear at the hearing on September 12, 2001.

      This reviewing committee makes the following findings of fact by clear and convincing evidence:

      On March 26, 2001 and March 27, 2001, checks numbered 1697, 1698, 1707 and 1708 in the amounts of sixty-five dollars ($65.00), seventy-five dollars ($75.00), thirty-six dollars ($36.00) and thirty-one dollars ($31.00) respectively, were presented for payment from the Respondent's Client Trust Account #149000448 at Glastonbury Bank and Trust Company. There were insufficient funds in the account to cover these transactions. On April 10, 2001, the Complainant wrote to the Respondent pursuant to Connecticut Practice Book §2-28 and Rules of Procedure adopted by the Statewide Grievance Committee, requesting a written explanation of the overdraft, along with documentary evidence within ten (10) days. No response was received by the Complainant from the Respondent. On April 24, 2001, the Complainant again wrote to the Respondent requesting an explanation of the overdraft, along with documentary evidence, within ten (10) days. No response was received to the Complainant's second letter to the Respondent. The Complainant thereafter filed this grievance complaint. The Respondent did not file an answer to the complaint.

      This reviewing committee finds the following violations of the Rules of Professional

Decision
Grievance Complaint #00-0901
Page 2

Conduct and the Practice Book by clear and convincing evidence:

By failing to file a timely response to this grievance complaint without good cause shown, the Respondent violated Practice Book § 2-32(a)(1). By overdrawing his clients' funds account, the Respondent failed to safeguard his clients' funds in violation of Rules 1.15 and 8.4 of the Rules of Professional Conduct. Accordingly, this reviewing committee orders that the Respondent be presented to the Superior Court for the imposition of whatever discipline the court may deem appropriate.

Attorney Raymond B. Rubens

Attorney Rita A. Steinberger

Reverend Meredith Payton

(5)
kag

STATE OF CONNECTICUT



Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157

## STATEWIDE GRIEVANCE COMMITTEE

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

November 27, 2002

Grace Worship Center Church
Attn:  Steven Hodge
918 Wethersfield Avenue
Hartford, CT  06114

RE:    GRIEVANCE COMPLAINT #01-0360
        Grace Worship Center Church v. Baldwin

Dear Complainant:

    Enclosed please find a corrected decision of the reviewing committee of the Statewide Grievance Committee concerning your complaint.  After the original decision was mailed to you on November 22, 2002, it was discovered that on page 2, in the last paragraph, the Rule cited should have been 8.4(3), not 8.4(2)

    We regret any inconvenience this may have caused you.

                                Sincerely,

                                Daniel B. Horwitch

DBH/dea
Enclosure
cc:    Attorney Atherton B. Ryan

STATE OF CONNECTICUT



Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157

## STATEWIDE GRIEVANCE COMMITTEE

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

November 27, 2002

Frederick Baldwin
200 Shelton Avenue, Apt. 57
New Haven, CT 06511

RE:    GRIEVANCE COMPLAINT #01-0360
       Grace Worship Center Church v. Baldwin

Dear Respondent:

Enclosed please find a corrected decision of the reviewing committee of the Statewide Grievance Committee concerning the above-referenced matter. After the original decision was mailed to you on November 27, 2002, it was discovered that on page 2, in the last paragraph, the Rule cited should have been 8.4(3), not 8.4(2). In accordance with the Practice Book Sections 2-35, 2-36 and 2-38(a), you may, within thirty (30) days of the date of this notice, submit to the Statewide Grievance Committee a request for review of the decision.

A request for review must be sent to the Statewide Grievance Committee at the address listed above.

We regret any inconvenience this may have caused you.

Sincerely,

Daniel B. Horwitch

DBH/dea
Enclosure
cc:    Attorney Atherton B. Ryan

STATE OF CONNECTICUT



Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157

## STATEWIDE GRIEVANCE COMMITTEE

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

GRACE WORSHIP CENTER CHURCH                     11/22/2002
ATTN: STEVEN HODGE
918 WETHERSFIELD AVE
HARTFORD          CT 06114

RE:  GRIEVANCE COMPLAINT #01-0360
     GRACE WORSHIP CENTER CHURCH vs. BALDWIN

Dear Complainant:

     Enclosed  herewith  is the decision of the reviewing committee
of the Statewide Grievance Committee concerning your complaint.

                                   Sincerely,

                                   Daniel B. Horwitch

Encl.
cc:  Attorney Atherton B. Ryan

STATE OF CONNECTICUT

Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157



## STATEWIDE GRIEVANCE COMMITTEE

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

FREDERICK D BALDWIN                                    11/22/2002
365 SILAS DEANE HWY.
WETHERSFIELD    CT 06109

RE:  GRIEVANCE COMPLAINT #01-0360
     GRACE WORSHIP CENTER CHURCH vs. BALDWIN

Dear Respondent:

Enclosed  herewith is the decision of the reviewing committee
of  the  Statewide  Grievance  Committee  concerning  the  above-
referenced  matter.  In accordance with the Practice Book Sections
2-35,  2-36  and  2-38(a),  you may, within thirty (30) days of the
date  of this notice, submit to the Statewide Grievance Committee a
request for review of the decision.

A  request  for review must be sent to the Statewide Grievance
Committee at the address listed above.

                              Sincerely,

                              Daniel B. Horwitch

Encl.
cc:  Attorney Atherton B. Ryan

STATEWIDE GRIEVANCE COMMITTEE

Grace Worship Church,
    Complainant                        :

vs.                                  :          Grievance Complaint #01-0360

Frederick D. Baldwin,
    Respondent                       :

## DECISION

Pursuant to Practice Book §2-35, the undersigned, duly-appointed reviewing committee of the Statewide Grievance Committee, conducted a hearing at the Superior Court, One Court Street, Middletown, Connecticut on April 11, 2002. The hearing addressed the record of the complaint filed on October 25, 2001, and the probable cause determination filed by the New Britain/Hartford Judicial District, Geographical Areas 12 and 16 Grievance Panel on December 28, 2001, finding that there existed probable cause that the Respondent violated Practice Book Section 2-32(a)(1).

Notice of the hearing was mailed to the Complainant and to the Respondent on March 5, 2002. At the hearing, Pastor Steven Hodge appeared and testified on behalf of the Complainant. The Respondent was subpoenaed to attend the hearing but did not appear before this reviewing committee.

The parties were advised that reviewing committee member Attorney Lorraine Eckert would not be present for the hearing. The Complainant waived the participation of Attorney Eckert. Accordingly, this decision was rendered by the undersigned.

This reviewing committee finds the following facts by clear and convincing evidence:

Pastor Steven Hodge retained the Respondent to represent the Complainant in the purchase of property in or about December, 1999. On December 15, 1999 and January 31, 2000, Pastor Hodge gave the Respondent checks totaling $10,000.00 intended as a deposit on property located on Blue Hills Avenue in Hartford, Connecticut (hereinafter referred to as "the Blue Hills Property"). Pastor Hodge subsequently decided not to purchase the Blue Hills Property and asked the Respondent to arrange the return of the $10,000.00 deposit. In or about October, 2000 the owners of the Blue Hills Property refunded the $10,000.00 deposit to the Respondent.

Pastor Hodge made several requests to the Respondent by telephone asking for the deposit money to be returned to the Complainant. The Respondent did not comply with this request. In April, 2001 Pastor Hodge wrote a letter to the Respondent demanding the return of the deposit money and requesting an accounting of the fees charged. Subsequent to the April, 2001 letter,

Decision
Grievance Complaint #01-0360
Page 2

Pastor Hodge received a $1,000.00 refund from the Respondent.

On May 23, 2001, the Respondent wrote to Pastor Hodge regarding the deposit money. In that letter, the Respondent alleged that a "[t]remendous legal struggle" had ensued with the Blue Hills Property's owner regarding the return of the deposit money. The Respondent estimated that the money would be refunded on or about June 15, 2001. The letter also enclosed a bill for $2,180.00 for legal services rendered for the Blue Hills Property transaction. The bill did not account for what those services were nor did it itemize the time the Respondent spent on the transaction. Also in the May 23, 2001 letter, the Respondent promised to return the balance of $6,820.00 in June, 2001. The Respondent did not refund the money.

In or about September, 2001 Pastor Hodge hired Attorney J. Hanson Guest to facilitate the return of the Complainant's money. On September 17, 2001 the Complainant's counsel made a written demand on the Respondent for the return of the Complainant's money. As of the time of the hearing, the Respondent had not returned the balance of the money owed to the Complainant, had not provided a detailed accounting of the legal services provided on behalf of the Complainant, and had not had any further communications with Pastor Hodge or Attorney Guest. Thereafter, Pastor Hodge filed this complaint on behalf of the Complainant.

The Respondent did not answer the grievance complaint.

This reviewing committee concludes by clear and convincing evidence that the Respondent engaged in ethical misconduct. This reviewing committee finds that the Respondent violated Practice Book §2-32(a)(1) by failing to respond to the grievance complaint. Although the grievance panel failed to articulate any further specific rule violations in their finding of probable cause, this reviewing committee finds by clear and convincing evidence that the Respondent's conduct that is the subject of this grievance complaint constitutes further serious violations of the Rules of Professional Conduct. Accordingly, we order the Respondent presented to the Superior Court for the imposition of whatever discipline the Court deems appropriate.

Since a presentment has been ordered, and a presentment is a de novo proceeding, we order that the presentment complaint include the following findings: that the Respondent deceived Pastor Hodge in violation of Rule 8.4(3) of the Rules of Professional Conduct when he advised Pastor Hodge that the return of the deposit money was in dispute, when in fact the funds had already been refunded to the Respondent; that the Respondent kept the Complainant's funds and made use of the Complainant's funds for his own purposes in further violation of Rule 8.4(3) of the Rules of Professional Conduct; that the Respondent failed to safeguard the Complainant's money and failed to provide an accounting when asked to by the Complainant, in violation of Rule 1.15(b) of the Rules of Professional Conduct and Practice Book §2-27; and that the Respondent failed to appear at the grievance hearing before this reviewing committee in violation of Rule 8.1(2) of the Rules of Professional Conduct.

Decision
Grievance Complaint #01-0360
Page 3


     Further, because the findings by this reviewing committee include a finding by clear and convincing evidence that the Respondent's behavior involved criminal conduct, we order that this decision be forwarded to the Chief State's Attorney's Office for further investigation.


Attorney Carl Fortuna


Professor Paul Hawkshaw


(B)
dea

STATE OF CONNECTICUT

Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157



## STATEWIDE GRIEVANCE COMMITTEE

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

MATTHEW T GILBRIDE                                         11/01/2002
23 EAST MAIN ST
CLINTON            CT 06413

RE:   GRIEVANCE COMPLAINT #01-0530
      GILBRIDE vs. BALDWIN

Dear Complainant:

      Enclosed  herewith  is the decision of the reviewing committee
of the Statewide Grievance Committee concerning your complaint.

                              Sincerely,

                              Daniel B. Horwitch

Encl.
cc:  Attorney Atherton B. Ryan