STATE OF CONNECTICUT



**STATEWIDE GRIEVANCE COMMITTEE**

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157

FREDERICK D BALDWIN                                                11/01/2002
365 SILAS DEANE HWY.
WETHERSFIELD     CT 06109

RE:  GRIEVANCE COMPLAINT #01-0530
     GILBRIDE vs. BALDWIN

Dear Respondent:

    Enclosed   herewith is the decision of the reviewing committee
of   the   Statewide   Grievance   Committee   concerning   the   above-
referenced   matter.   In accordance with the Practice Book Sections
2-35,  2-36  and  2-38(a),  you may, within thirty (30) days of the
date  of this notice, submit to the Statewide Grievance Committee a
request for review of the decision.

    A  request  for review must be sent to the Statewide Grievance
Committee at the address listed above.

                                        Sincerely,


                                        Daniel B. Horwitch

Encl.
cc:  Attorney Atherton B. Ryan

## STATEWIDE GRIEVANCE COMMITTEE

Matthew T. Gilbride         :
      Complainant           :     Grievance Complaint #01-0530
v.                              :
                                  :
Frederick Baldwin        :
      Respondent

### DECISION

Pursuant to Practice Book § 2-35, the undersigned, duly-appointed reviewing committee of the Statewide Grievance Committee, conducted a hearing at the Superior Court, 1061 Main Street, Bridgeport, Connecticut on April 10, 2002. The hearing addressed the record of the complaint filed on December 19, 2001, and the probable cause determination filed by the New Britain Judicial District and Judicial District of Hartford for Geographical Area 12 and the towns of Avon, Bloomfield, Canton, Farmington and West Hartford Grievance Panel on February 13, 2002, finding that there existed probable cause that the Respondent violated Practice Book § 2-32(a)(1).

Notice of the hearing was mailed to the Complainant and to the Respondent on March 5, 2002. Neither the Complainant nor the Respondent appeared at the hearing. Accordingly, the undersigned decided this matter based upon the written record.

This reviewing committee finds the following facts by clear and convincing evidence:

The Complainant is the Probate Court appointed attorney for Michael Dupree, who was severely injured in a motor vehicle accident several years ago and who received a personal injury settlement in excess of $700,000.00. After attorney's fees, costs and a state lien were satisfied, $360,000.00 remained from the settlement for the benefit of Michael Dupree. The majority of the money was placed in restricted bank accounts under the control of the Respondent.

In or around December of 2001, the West Haven Probate Court scheduled a series of hearings to have the Respondent explain expenditures detailed on the accounting he submitted to the Probate Court. The Respondent did not attend any of the hearings despite being subpoenaed to attend. The accounting submitted by the Respondent demonstrated approximately $71,000.00 in expenditures that were never explained to the court.

The Respondent did not answer the grievance complaint.

This reviewing committee concludes that the Respondent engaged in ethical misconduct. The Respondent's failure to answer the grievance complaint violated Practice Book § 2-32(a)(1). In addition, because it is the decision of this reviewing committee that the Respondent be presented to the Superior Court for whatever discipline the court deems appropriate, and that proceeding is

Grievance Complaint #01-0530
Decision
Page 2

a de novo proceeding, it is the order of this reviewing committee that the presentment complaint include a claim that the Respondent failed to safeguard the funds in his control in violation of Rule 1.15(b) of the Rules of Professional Conduct, engaged in conduct involving fraud and dishonesty in violation of Rule 8.4(3) of the Rules of Professional Conduct and failed to appear at the grievance hearing in violation of Rule 8.4(4) of the Rules of Professional Conduct.

It is the decision of this reviewing committee that the Respondent be presented to the Superior Court for whatever discipline the court deems appropriate.

Attorney Raymond B. Rubens

Attorney Rita A. Steinberger

Mr. William J. Carroll

(9)
kag

STATE OF CONNECTICUT



Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157

## STATEWIDE GRIEVANCE COMMITTEE

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

ETHYLYN ALDRIDGE
203 SARGEANT ST
HARTFORD          CT 06105                                    11/01/2002

RE:   GRIEVANCE COMPLAINT #01-0568
      ALDRIDGE vs. BALDWIN

Dear Complainant:

     Enclosed  herewith  is the decision of the reviewing committee
of the Statewide Grievance Committee concerning your complaint.

                              Sincerely,

                              Daniel B. Horwitch

Encl.
cc:  Attorney Atherton B. Ryan

STATE OF CONNECTICUT

Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157



## STATEWIDE GRIEVANCE COMMITTEE

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885


FREDERICK D BALDWIN                                              11/01/2002
365 SILAS DEANE HWY.
WETHERSFIELD    CT 06109


RE:   GRIEVANCE COMPLAINT #01-0568
      ALDRIDGE vs. BALDWIN

Dear Respondent:

      Enclosed    herewith is the decision of the reviewing committee
of   the   Statewide   Grievance   Committee   concerning   the   above-
referenced    matter.    In accordance with the Practice Book Sections
2-35,   2-36   and   2-38(a),   you   may,   within thirty (30) days of the
date  of  this notice, submit to the Statewide Grievance Committee a
request for review of the decision.

      A  request   for review must be sent to the Statewide Grievance
Committee at the address listed above.


                                           Sincerely,

                                           Daniel B. Horwitch


Encl.
cc:  Attorney Atherton B. Ryan

STATEWIDE GRIEVANCE COMMITTEE

| | | |
|---|---|---|
| Ethylyn Aldridge | : | |
|     Complainant | : | Grievance Complaint #01-0568 |
| v. | : | |
| | : | |
| Frederick Baldwin | : | |
|     Respondent | : | |

## DECISION

Pursuant to Practice Book § 2-35, the undersigned, duly-appointed reviewing committee of the Statewide Grievance Committee, conducted a hearing at the Superior Court, 1061 Main Street, Bridgeport, Connecticut on April 10, 2002. The hearing addressed the record of the complaint filed on January 3, 2002, and the probable cause determination filed by the New Britain Judicial District and Judicial District of Hartford for Geographical Area 12 and the towns of Avon, Bloomfield, Canton, Farmington and West Hartford Grievance Panel on February 27, 2002, finding that there existed probable cause that the Respondent violated Rules 1.1, 1.3, 1.4 and 8.4 of the Rules of Professional Conduct.

Notice of the hearing was mailed to the Complainant and to the Respondent on March 5, 2002. Neither the Complainant nor the Respondent appeared at the hearing. Accordingly, the undersigned decided this matter based upon the written record.

This reviewing committee finds the following facts by clear and convincing evidence:

In or around 1999, the Complainant retained the Respondent to represent her son in a real estate purchase. The Respondent was paid a $450.00 retainer for the closing. The closing on the property was never completed, however, due to a dispute that arose between the sellers of the property. The dispute did not involve the Complainant's son. The Respondent represented to the Complainant and her son that for another $450.00, which was paid to him, he would pursue the sellers for the return of the Complainant's son's $2,300.00 deposit. Thereafter, the Respondent periodically reassured the Complainant that an action was pending and he was waiting for a court date. Approximately one year later, the Complainant discovered that no lawsuit had ever been filed on behalf of her son. Telephone calls to the Respondent thereafter were unreturned.

The Respondent did not answer the grievance complaint.

This reviewing committee concludes by clear and convincing evidence that Respondent engaged in unethical conduct. The Respondent's failure to bring the lawsuit that he was retained for clearly demonstrates a failure to act competently in violation of Rule 1.1 of the Rules of Professional Conduct and diligently in violation of Rule 1.3 of the Rules of Professional Conduct.

Grievance Complaint #01-0568
Decision
Page 2

The Respondent's misrepresentations as to the status of the lawsuit violated Rules 1.4(a) and (b) and 8.4(3) of the Rules of Professional Conduct.   The Respondent's failure to answer the grievance complaint violated Practice Book § 2-32(a)(1).

It is the decision of this reviewing committee that the Respondent be presented to the Superior Court for whatever discipline the court deems appropriate.


Attorney Raymond B. Rubens

Attorney Rita A. Steinberger

Mr. William J. Carroll


(9)
kag

STATE OF CONNECTICUT

Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157

## STATEWIDE GRIEVANCE COMMITTEE

Second Floor – Suite Two

287 Main Street, East Hartford, Connecticut 06118-1885

04/11/2003

MARY F JOHNSON
152 COTTAGE GROVE RD
P.O. BOX 235
BLOOMFIELD      CT 06002

RE:  GRIEVANCE COMPLAINT #01-1013
     JOHNSON vs. BALDWIN

Dear Complainant:

Enclosed herewith is the decision of the reviewing committee of the Statewide Grievance Committee concerning your complaint.

Sincerely,

Daniel B. Horwitch

Encl.
cc:  Attorney Atherton B. Ryan

STATE OF CONNECTICUT



Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157

## STATEWIDE GRIEVANCE COMMITTEE

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

04/11/2003

FREDERICK D BALDWIN
365 SILAS DEANE HWY.
WETHERSFIELD    CT 06109

RE:   GRIEVANCE COMPLAINT #01-1013
      JOHNSON vs. BALDWIN

Dear Respondent:

    Enclosed   herewith is the decision of the reviewing committee
of    the    Statewide    Grievance    Committee    concerning    the    above-
referenced    matter.   In accordance with the Practice Book Sections
2-35,    2-36   and   2-38(a),   you may, within thirty (30) days of the
date   of this notice, submit to the Statewide Grievance Committee a
request for review of the decision.

    A   request   for review must be sent to the Statewide Grievance
Committee at the address listed above.

                                    Sincerely,

                                    Daniel B. Horwitch

Encl.
cc:  Attorney Atherton B. Ryan

## STATEWIDE GRIEVANCE COMMITTEE

Mary Johnson
     Complainant
                             :

vs.                              :         Grievance Complaint #01-1013

Frederick D. Baldwin
     Respondent
                             :

## DECISION

Pursuant to Practice Book §2-35, the undersigned, duly appointed reviewing committee of the Statewide Grievance Committee, conducted a hearing at the Superior Court, 95 Washington Street, Hartford, Connecticut on October 10, 2002. The hearing addressed the record of the complaint filed on May 21, 2002 and the probable cause determination filed by the New Britain Judicial District and Hartford Judicial District for Geographical Area 12 and the towns of Avon, Bloomfield, Canton, Farmington and West Hartford Grievance Panel on July 3, 2002, finding that there existed probable cause that the Respondent violated Rules 1.4. 1.15 and 8.4 of the Rules of Professional Conduct and Practice Book Section 2-32(a)(1).

Notice of the hearing was mailed to the Complainant and to the Respondent on August 22, 2002. At the hearing, the Complainant appeared and testified. Mr. Claude Johnson testified on behalf of the Complainant. The Respondent did not appear at the hearing.

This reviewing committee finds the following facts by clear and convincing evidence:

Prior to February of 1999, the Complainant's mother resided in a multi-family home in Florida. The Complainant's mother owned a fifty-percent interest in the Florida home. Due to ailing health, the Complainant's mother relocated to Connecticut to live with the Complainant in February of 1999. In June of 1999, the Complainant's mother was placed in a Connecticut nursing home. In or around July of 1999, the Complainant retained the Respondent to handle her mother's affairs, including making arrangements for her mother's burial in Florida. To help defray the costs of her mother's living expenses and her burial in Florida, the Complainant agreed to purchase her mother's interest in the Florida home. On November 30, 1999, the Complainant gave the Respondent a check for $14,000 to purchase her mother's interest in the Florida home. The check was deposited in the Respondent's clients' funds account on December 1, 1999.

The Complainant attempted to contact the Respondent repeatedly through the year 2000 to obtain information on the status of her mother's funeral arrangements. The Respondent assured the Complainant that plans were progressing on the funeral arrangements. In the fall of 2001, the Complainant's mother became gravely ill and the Complainant again attempted to obtain information regarding her mother's funeral arrangements. In October of 2001, the Respondent was suspended from the practice of law.

Grievance Complaint #01-1013
Decision
Page 2

The Complainant spoke to the Respondent on April 5 and May 1, 2002 regarding her mother's funeral arrangements. The Respondent again assured the Complainant that the arrangements were being made. During these telephone conversations the Respondent did not advise the Complainant that he was suspended from the practice of law. At the time of the hearing in this matter, the Respondent's clients' funds account was closed and there was a zero balance remaining in the account. The Respondent did nothing on behalf of the Complainant's mother regarding the funeral arrangements. The Respondent did not return any of the money the Complainant gave him and the Complainant has been unable to contact the Respondent since May of 2002.

The Respondent did not answer the grievance complaint.

This reviewing committee concludes by clear and convincing evidence that the Respondent engaged in serious misconduct. This reviewing committee finds that the Respondent failed to adequately communicate with the Complainant during the period of his representation in violation of Rule 1.4 of the Rules of Professional Conduct. The Respondent also failed to properly safeguard and account for his clients funds in violation of Rule 1.15 of the Rules of Professional Conduct. This reviewing committee also finds that the Respondent violated Rule 8.4(3) of the Rules of Professional Conduct by repeatedly assuring the Complainant he would arrange for her mother's burial, and failing to do so. Further, the Respondent violated Practice Book §2-32(a)(1) by failing to respond to the grievance complaint. Accordingly, we order the Respondent presented to the Superior Court for the imposition of whatever discipline the Court deems appropriate.

Attorney Vincent DeAngelo

Attorney David Curry

Ms. Johanna Kimball

(B)
asc

STATE OF CONNECTICUT

Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157



**STATEWIDE GRIEVANCE COMMITTEE**

*www.jud.state.ct.us*

Second Floor – Suite Two

287 Main Street, East Hartford, Connecticut 06118-1885

NB/HTFD 12 AVON BLMFLD CANTON                                    03/19/2004
C/O ATTY A. RYAN
P.O. BOX 568
ROCKVILLE        CT 06066

RE:   GRIEVANCE COMPLAINT #01-1018
      NB/HTFD 12 AVON BLMFLD CANTON   vs. BALDWIN

Dear Complainant:

     Enclosed  herewith  is the decision of the reviewing committee
of the Statewide Grievance Committee concerning your complaint.



                                    Sincerely,


                                    Daniel B. Horwitch


Encl.
cc:  Attorney John J. Quinn

STATE OF CONNECTICUT

Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157



**STATEWIDE GRIEVANCE COMMITTEE**

*www.jud.state.ct.us*

Second Floor – Suite Two

287 Main Street, East Hartford, Connecticut 06118-1885

FREDERICK D BALDWIN                                           03/19/2004
365 SILAS DEANE HWY.
WETHERSFIELD      CT 06109


RE:   GRIEVANCE COMPLAINT #01-1018
      NB/HTFD 12 AVON BLMFLD CANTON   vs. BALDWIN


Dear Respondent:

     Enclosed   herewith is the decision of the reviewing committee
of   the   Statewide   Grievance Committee concerning   the   above
referenced   matter.  In accordance with the Practice Book Sections
2-35,  2-36  and  2-38(a),  you may, within thirty (30) days of the
date  of this notice, submit to the Statewide Grievance Committee a
request for review of the decision.

     A  request  for review must be sent to the Statewide Grievance
Committee at the address listed above.



                                        Sincerely,



                                        Daniel B. Horwitch



Encl.
cc:  Attorney John J. Quinn

## NOTICE REGARDING DECISION
## - PRESENTMENT -

### GRIEVANCE COMPLAINT #  _01·1018_

## THE ATTACHED DECISION IS PRESENTLY <u>STAYED</u> IN ACCORDANCE WITH PRACTICE BOOK §2-35.

## SECTION 2-35 STATES, IN PART, AS FOLLOWS:

(e) ... Enforcement of the final decision ... shall be stayed for thirty days from the date of the issuance to the parties of the final decision.  In the event the respondent timely submits to the statewide grievance committee a request for review of the final decision of the reviewing committee, such stay shall remain in full force and effect pursuant to Section 2-38(b).

**Note:**    This stay terminates upon the issuance of a final decision by the Statewide Grievance Committee.

### DECISION DATE:  _3·19·04_

STATEWIDE GRIEVANCE COMMITTEE

New Britain Judicial District and
Judicial District of Hartford G.A. 12
and the Towns of Avon, Bloomfield, Canton,
Farmington and West Hartford Grievance Panel
     Complainants             :

vs.                            :          Grievance Complaint #01-1018

Frederick Baldwin
     Respondent             :

DECISION

Pursuant to Practice Book §2-35, the undersigned, duly-appointed reviewing committee of the Statewide Grievance Committee, conducted a hearing at the Superior Court, 95 Washington Street, Hartford, Connecticut on November 7, 2002. The hearing addressed the record of the complaint filed on May 23, 2002 and the probable cause determination filed by the Hartford Judicial District  Grievance Panel for Geographical Area 13 and the Town of Hartford on September 12, 2002, finding that there existed probable cause that the Respondent violated Rules 1.1, 1.3, 1.15, 3.2, 3.3 and 8.4 of the Rules of Professional Conduct and Practice Book §2-32(a)(1).

Notice of the hearing was mailed to the Complainant and to the Respondent on September 25, 2002. Attorney Atherton Ryan appeared on behalf of the Complainant. The Respondent did not appear. Reviewing committee member Attorney Kathleen Stingle was unavailable for the hearing. Attorney Stingle reviewed the transcript of the hearing prior to participating in the rendering of this decision.

This reviewing committee finds the following facts by clear and convincing evidence:

The Respondent represented Ralph N. Corlette, Sr. In March of 2000, the Respondent collected a final payment of $4,583.01 closing a Hartford Life Insurance Company annuity account of Mr. Corlette  and did not deposit  the proceeds into his trust account. In May of 2000, Mr. Corlette was admitted to a health care facility. Thereafter, the Respondent removed personal items belonging to Mr. Corlette from his home and converted the same for his own use. The Respondent failed to account for the proceeds of the liquidation of the personal items for the benefit of Mr. Corlette. On May 24, 2000, Mr. Corlette's condominium was sold.  The Respondent failed to report accurately to the Department of Social Services the disposition of the sale proceeds and failed to account for all of those funds. In or around September of 2000, the Respondent deposited the proceeds of the $6,288.55 cash surrender value of Mr. Corlette's life insurance policy into his trust account and then failed to account for the disposition of those proceeds for the benefit of Mr.

Grievance Complaint #01-1018
Decision
Page 2

Corlette. In or around September and October of 2000, the Respondent collected the cash surrender value of two additional life insurance policies totaling $3,432.65 and did not account for the disposition of the proceeds.

On or about December 1, 2000 Mr. Corlette began receiving benefits under Title XIX. Thereafter, the Respondent used Mr. Corlette's funds for other purposes, including the payment of the Respondent's own expenses and fees.

Mr. Corlette died on February 19, 2001. On or about February 20, 2001, the $1,282.50 balance in Mr. Corlette's Sovereign Bank checking account was transferred to Mr. Corlette's savings account. The savings account was closed and the $10,068.33 balance was withdrawn by the Respondent.

The Respondent did not file an answer to the grievance complaint.

This reviewing committee finds the following violations of the Rules of Professional Conduct by clear and convincing evidence:

The Respondent engaged in unethical conduct in connection with his representation of Mr. Corlette. The Respondent failed to maintain adequate records of his handling of Mr. Corlette's finances in violation of Rules 1.1, 1.3, and 1.15(a) of the Rules of Professional Conduct. The Respondent failed to safeguard Mr. Corlette's property in violation of Rule 1.15(a) and (b) of the Rules of Professional Conduct. The Respondent converted Mr. Corlette's assets for his own use in violation of Rules 1.15(a) and (b) and 8.4(3) of the Rules of Professional Conduct. The Respondent failed to account for the disposition of Mr. Corlette's funds in violation of Rules 1.3 and 1.15(b) of the Rules of Professional Conduct. The Respondent failed to respond to the grievance complaint without demonstrating good cause in violation of Practice Book §2-32(a)(1). The record lacks clear and convincing evidence that the Respondent violated Rules 3.2 and 3.3 of the Rules of Professional Conduct. Since we conclude that the Respondent violated the Rules of Professional Conduct and in consideration of the seriousness of the misconduct and the Respondent's disciplinary history, we order that a presentment be filed in the Superior Court against the Respondent for the imposition of whatever discipline the court deems appropriate.

(4)
asc

Grievance Complaint #01-1018
Decision
Page 3

Attorney Kathleen Stingle

Grievance Complaint #01-1018
Decision
Page 4

_____
Attorney Robert J. Kor

Grievance Complaint #01-1018
Decision
Page 5

Dr. Frank Regan

STATE OF CONNECTICUT



Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157

## STATEWIDE GRIEVANCE COMMITTEE

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885


ADAM MEDINA                                                     05/14/2004
74 CENTER STREET
WINDSOR LOCKS    CT 06096


RE:   GRIEVANCE COMPLAINT #01-1071
      MEDINA vs. BALDWIN


Dear Complainant:

     Enclosed  herewith  is the decision of the reviewing committee
of the Statewide Grievance Committee concerning your complaint.



                                   Sincerely,



                                   Daniel B. Horwitch


Encl.
cc:  Attorney David H. Rivers

STATE OF CONNECTICUT



Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157

## STATEWIDE GRIEVANCE COMMITTEE

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

FREDERICK D BALDWIN                                                05/14/2004
365 SILAS DEANE HWY.
WETHERSFIELD    CT 06109

RE:  GRIEVANCE COMPLAINT #01-1071
     MEDINA vs. BALDWIN

Dear Respondent:

     Enclosed   herewith is the decision of the reviewing committee
of   the   Statewide   Grievance   Committee   concerning   the   above
referenced   matter.   In accordance with the Practice Book Sections
2-35,   2-36   and   2-38(a),   you may, within thirty (30) days of the
date   of this notice, submit to the Statewide Grievance Committee a
request for review of the decision.

     A   request   for review must be sent to the Statewide Grievance
Committee at the address listed above.

                                        Sincerely,

                                        Daniel B. Horwitch

Encl.
cc:  Attorney David H. Rivers

## NOTICE REGARDING DECISION
## - PRESENTMENT -

### GRIEVANCE COMPLAINT # 01-1071

## THE ATTACHED DECISION IS PRESENTLY **STAYED** IN ACCORDANCE WITH PRACTICE BOOK §2-35.

## SECTION 2-35 STATES, IN PART, AS FOLLOWS:

**(e) ... Enforcement of the final decision ... shall be stayed for thirty days from the date of the issuance to the parties of the final decision.  In the event the respondent timely submits to the statewide grievance committee a request for review of the final decision of the reviewing committee, such stay shall remain in full force and effect pursuant to Section 2-38(b).**

**Note:     This stay terminates upon the issuance of a final decision by the Statewide Grievance Committee.**

### DECISION DATE: 5/14/04

STATEWIDE GRIEVANCE COMMITTEE

Adam Medina
     Complainant                         :

   vs.                                :          Grievance Complaint #01-1071

Frederick Baldwin
     Respondent                        :

DECISION

Pursuant to Practice Book §2-35, the undersigned, duly-appointed reviewing committee of the Statewide Grievance Committee, conducted hearings at the Superior Court, 300 Grand Street, Waterbury, Connecticut on October 10, 2002 and June 3, 2003. The hearings addressed the record of the complaint filed on June 11, 2002, and the probable cause determination filed by the New Britain Judicial District and Judicial District of Hartford for Geographical Area 12 and the towns of Avon, Bloomfield, Canton, Farmington and West Hartford Grievance Panel on July 25, 2002, finding that there existed probable cause that the Respondent violated Rules 1.1, 1.2, 1.3 and 8.4 of the Rules of Professional Conduct and Practice Book §2-32(a) (1).

Notice of the October 10, 2002 hearing was mailed to the Complainant and to the Respondent on August 22, 2002. Notice of the June 3, 2003 hearing was mailed to the Complainant and the Respondent on April 29, 2003. The Complainant appeared at the October 10, 2002 hearing. The Respondent did not appear. Neither the Complainant nor the Respondent appeared at the June 3, 2003 hearing.

This reviewing committee finds the following facts by clear and convincing evidence:

The Respondent represented the Complainant in connection with child support proceedings in which the Complainant's former wife claimed a child support arrearage of $2640. A hearing in the child support matter was conducted on October 2, 2001. Both the Complainant and the Respondent attended the hearing. An "Agreement of the Parties" was signed on October 2, 2001.

The Respondent did not file an answer to the grievance complaint.

This reviewing committee also considered the following:

The Complainant claimed that he informed the Respondent that he could not attend the October 2001 hearing due to work obligations and requested that the Respondent appear on his behalf. The Complainant further claimed that the Respondent failed to appear at the hearing and the Complainant was cited for contempt and judgment entered against him. Subsequent to our

Grievance Complaint #01-1071
Decision
Page 2

October 10, 2002 hearing, this reviewing committee obtained a copy of the transcript of the October 2, 2001 child support hearing in the Complainant's matter ( Joanne Medina v. Adam Medina, Docket No. FA94 -053809S) and a copy of the "Agreement of the Parties" dated October 2, 2001. Both the transcript and the Agreement indicate that the Complainant and the Respondent attended the hearing.

This reviewing committee concludes that the Respondent's conduct in connection with the representation of the Complainant in his child support proceedings did not involve a breach of the Rules of Professional Conduct. The record lacks clear and convincing evidence of an ethical violation by the Respondent. The record reflects that both the Complainant and the Respondent attended the family proceeding on October 2, 2001. However, there is clear and convincing evidence that the Respondent failed to respond to the grievance complaint without demonstrating good cause in violation of Practice Book Section 2-32(a)(1). It is the opinion of this reviewing committee that a response to the grievance complaint might have eliminated the need for two hearings concerning this matter. We are critical and extremely concerned about the Respondent's apparent disregard of the disciplinary process. We note the Respondent's substantial disciplinary history in determining the appropriate disposition in connection with the Respondent's violation of Practice Book Section 2-32(a)(1). Accordingly, we order that a presentment be filed against the Respondent in the Superior Court for the imposition of whatever discipline the Court deems appropriate.

Grievance Complaint #01-1071
Decision
Page 3

Attorney Vincent M. DeAngelo

Grievance Complaint #01-1071
Decision
Page 4

Attorney David Curry

Grievance Complaint #01-1071
Decision
Page 5

Ms. Johanna Kimball

(4)
jf

STATE OF CONNECTICUT



Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157

## STATEWIDE GRIEVANCE COMMITTEE

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

05/09/2003

LORRAINE J BEDUS
56 BEATTY STREET #3
NEW BRITAIN      CT 06051

RE:  GRIEVANCE COMPLAINT #01-1072
     BEDUS vs. BALDWIN

Dear Complainant:

     Enclosed  herewith  is the decision of the reviewing committee
of the Statewide Grievance Committee concerning your complaint.

Sincerely,

Daniel B. Horwitch

Encl.
cc:  Attorney Atherton B. Ryan

STATE OF CONNECTICUT



Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157

## STATEWIDE GRIEVANCE COMMITTEE

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

FREDERICK D BALDWIN                                          05/09/2003
365 SILAS DEANE HWY.
WETHERSFIELD    CT 06109

RE:  GRIEVANCE COMPLAINT #01-1072
     BEDUS vs. BALDWIN

Dear Respondent:

    Enclosed   herewith is the decision of the reviewing committee
of   the   Statewide  Grievance  Committee  concerning  the  above-
referenced   matter.   In accordance with the Practice Book Sections
2-35,  2-36  and  2-38(a),  you may, within thirty (30) days of the
date  of this notice, submit to the Statewide Grievance Committee a
request for review of the decision.

    A  request  for review must be sent to the Statewide Grievance
Committee at the address listed above.

                                    Sincerely,

                                    Daniel B. Horwitch

Encl.
cc:  Attorney Atherton B. Ryan

## NOTICE REGARDING DECISION
## - PRESENTMENT -

### GRIEVANCE COMPLAINT # 01-1072

**THE ATTACHED DECISION IS PRESENTLY <u>STAYED</u> IN ACCORDANCE WITH PRACTICE BOOK §2-35.**

**SECTION 2-35 STATES, IN PART, AS FOLLOWS:**

**(e) ... Enforcement of the final decision ... shall be stayed for thirty days from the date of the issuance to the parties of the final decision. In the event the respondent timely submits to the statewide grievance committee a request for review of the final decision of the reviewing committee, such stay shall remain in full force and effect pursuant to Section 2-38(b).**

**Note:** **This stay terminates upon the issuance of a final decision by the Statewide Grievance Committee.**

**DECISION DATE: 5-9-2003**

STATEWIDE GRIEVANCE COMMITTEE

Lorraine Bedus
    Complainant                               :

  vs.                                       :         Grievance Complaint #01-1072

Frederick D. Baldwin
    Respondent                              :

DECISION

       Pursuant to Practice Book §2-35, the undersigned, duly appointed reviewing committee of the Statewide Grievance Committee, conducted a hearing at the Superior Court, 95 Washington Street, Hartford, Connecticut on October 10, 2002. The hearing addressed the record of the complaint filed on June 11, 2002, and the probable cause determination filed by the New Britain Judicial District and the Judicial District of Hartford for Geographical Area 12 and the towns of Avon, Bloomfield, Canton, Farmington and West Hartford Grievance Panel on July 25, 2002, finding that there existed probable cause that the Respondent violated Rules 1.1, 1.2, 1.3 and 8.4 of the Rules of Professional Conduct and Practice Book §2-32(a)(1).

       Notice of the hearing was mailed to the Complainant and to the Respondent on August 22, 2002. The Complainant appeared and testified. The Respondent did not appear.

       This reviewing committee finds the following facts by clear and convincing evidence:

       The Complainant refinanced her home located in Newington, Connecticut (hereinafter referred to as the "Newington Property") in or about July of 2000. The Newington Property was encumbered by a mortgage in favor of Wells Fargo Home Mortgage, Inc. (hereinafter referred to as "WFHM"). In October of 2000, the Complainant became unable to pay the monthly mortgage payments to WFHM. On January 19, 2001, counsel for WFHM filed a lawsuit against the Complainant seeking a deficiency judgment and foreclosure in Hartford Superior Court.

       On February 20, 2001, the Respondent filed an appearance on behalf of the Complainant in the matter of WFHM v. Bedus, Docket No. CV 01-080523. The Complainant intended to sell the Newington Property to her son and avoid the foreclosure. The Respondent told the Complainant that he was not having any success in negotiating an agreement with WFHM. The Respondent also claimed that WFHM was refusing to return his telephone calls and refusing to answer his written communications.

       The record before the reviewing committee indicates that in the matter of WFHM v. Bedus, WFHM filed a demand for disclosure of a defense on March 24, 2001. On March 29, 2001, WFHM filed a motion for default for failure to disclose a defense and a motion for strict foreclosure. On April 12, 2001, the Respondent filed an objection to the motion for strict

Grievance Complaint #01-1072
Decision
Page 2

foreclosure and also disclosed a defense. On April 25, 2001, WFHM filed a motion for default for failure to plead. On April 30, 2001, the motion for strict foreclosure was granted and a foreclosure order entered. Also on April 30, 2001, the motion for default for failure to plead was granted in favor of WFHM. The Complainant was ordered to leave the Newington Property by July 24, 2001. On July 23, 2001, the Complainant filed for bankruptcy. Notwithstanding that the bankruptcy temporarily stayed the eviction order, the Complainant was evicted from the Newington Property on or about August 28, 2001. The Respondent did not file an answer to the grievance complaint.

This reviewing committee concludes by clear and convincing evidence that the Respondent engaged in serious misconduct. This reviewing committee finds that the Respondent performed minimal work on behalf of the Complainant, that the work he did perform demonstrated a severe lack of competence and diligence, and that the Respondent failed to protect the Complainant's interests at the most basic level, in violation of Rules 1.1, 1.2 and 1.3 of the Rules of Professional Conduct. Further, the Respondent violated Practice Book §2-32(a)(1) by failing to respond to the grievance complaint. Accordingly, this reviewing committee orders the Respondent presented to the Superior Court for whatever discipline the court deems appropriate.

Attorney Vincent DeAngelo

Attorney David Curry

Ms. Johanna Kimball

(B)

STATE OF CONNECTICUT



Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157

## STATEWIDE GRIEVANCE COMMITTEE

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

LORI GUTTERIDGE                                    05/09/2003
52 LITTLE OAK LANE
ROCKY HILL       CT 06067

RE:  GRIEVANCE COMPLAINT #02-0109
     GUTTERIDGE vs. BALDWIN

Dear Complainant:

     Enclosed  herewith  is the decision of the reviewing committee
of the Statewide Grievance Committee concerning your complaint.

Sincerely,

Daniel B. Horwitch

Encl.
cc:  Attorney Atherton B. Ryan

STATE OF CONNECTICUT



Daniel B. Horwitch
Statewide Bar Counsel
(860) 568-5157

## STATEWIDE GRIEVANCE COMMITTEE

Second Floor – Suite Two
287 Main Street, East Hartford, Connecticut 06118-1885

FREDERICK D BALDWIN                                    05/09/2003
365 SILAS DEANE HWY.
WETHERSFIELD      CT 06109

RE:   GRIEVANCE COMPLAINT #02-0109
      GUTTERIDGE vs. BALDWIN

Dear Respondent:

     Enclosed   herewith is the decision of the reviewing committee
of    the   Statewide   Grievance   Committee   concerning   the   above-
referenced   matter.   In accordance with the Practice Book Sections
2-35,  2-36 and  2-38(a),  you may, within thirty (30) days of the
date  of this notice, submit to the Statewide Grievance Committee a
request for review of the decision.

     A   request   for review must be sent to the Statewide Grievance
Committee at the address listed above.

                                        Sincerely,


                                        Daniel B. Horwitch


Encl.
cc:  Attorney Atherton B. Ryan

## NOTICE REGARDING DECISION
## - PRESENTMENT -

### GRIEVANCE COMPLAINT # 02-0109

## THE ATTACHED DECISION IS PRESENTLY <u>STAYED</u> IN ACCORDANCE WITH PRACTICE BOOK §2-35.

### SECTION 2-35 STATES, IN PART, AS FOLLOWS:

(e) ... Enforcement of the final decision ... shall be stayed for thirty days from the date of the issuance to the parties of the final decision.  In the event the respondent timely submits to the statewide grievance committee a request for review of the final decision of the reviewing committee, such stay shall remain in full force and effect pursuant to Section 2-38(b).

Note:    This stay terminates upon the issuance of a final decision by the Statewide Grievance Committee.

### DECISION DATE: 5-9-2003

## STATEWIDE GRIEVANCE COMMITTEE

Lori Gutteridge
    Complainant                      :

vs.                                    :             Grievance Complaint #02-0109

Frederick D. Baldwin
    Respondent                     :

## DECISION

Pursuant to Practice Book §2-35, the undersigned, duly-appointed reviewing committee of the Statewide Grievance Committee, conducted a hearing at the Superior Court, 95 Washington Street, Hartford, Connecticut on January 9, 2003. The hearing addressed the record of the complaint filed on August 1, 2002, and the probable cause determination filed by the New Britain Judicial District and Judicial District of Hartford for Geographical Area 12 and the Towns of Avon, Bloomfield, Canton, Farmington and West Hartford Grievance Panel on October 17, 2002, finding that there existed probable cause that the Respondent violated Rules 1.1, 1.3, 1.4, 1.5 and 8.4 of the Rules of Professional Conduct and Practice Book §2-32(a)(1).

Notice of the hearing was mailed to the Complainant and to the Respondent on December 3, 2002. At the hearing, the Complainant appeared and testified. The Respondent did not appear at the hearing before this reviewing committee.

The Complainant was advised that William Carroll, the lay-member of this reviewing committee, would not be present at the hearing. The Complainant waived the participation of Mr. Carroll. Accordingly, this decision was rendered by the undersigned.

This reviewing committee finds the following facts by clear and convincing evidence:

In 2000, the Complainant retained the Respondent for $1000 regarding a visitation matter arising out of her relocation to Connecticut from Florida. A fee agreement was entered into by the Complainant and the Respondent. The matter was initially resolved, but the visitation issue arose again in 2001. The Complainant met with the Respondent in September of 2001, and paid him an additional $1500 in October of 2001. The Respondent never sent the Complainant a fee agreement for this subsequent representation, or a bill itemizing the prior legal fee, as he had stated he would do. The Respondent subsequently agreed to start the necessary proceedings in early 2002. Thereafter, the Respondent failed to return telephone calls and letters from the Complainant, until he telephoned to explain that he was being audited and could do nothing until that was completed in several weeks. The Complainant has not heard from the Respondent since then.

The Respondent was suspended for failure to pay the Client Security Fund fee in September of 2001, and was placed on interim suspension in October of 2001.

Grievance Complaint #02-0109
Decision
Page 2

The Respondent did not file an answer to the grievance complaint.

This reviewing committee concludes by clear and convincing evidence that the Respondent violated the Rules of Professional Conduct. The Respondent failed to pursue the Complainant's matter, demonstrating a lack of competence and diligence, in violation of Rules 1.1 and 1.3 of the Rules of Professional Conduct, respectively. The Respondent failed to adequately communicate with the Complainant, in violation of Rule 1.4 of the Rules of Professional Conduct. The Respondent also failed to provide a fee agreement for the subsequent representation, in violation of Rule 1.5. By not taking any action in the matter, despite promises to do so, the Respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of Rule 8.4(3) of the Rules of Professional Conduct. Finally, the Respondent's failure to answer the grievance complaint is in violation of Practice Book §2-32(a)(1).

The Respondent is hereby ordered presented to the Superior Court for the imposition of whatever discipline the court deems appropriate.

Attorney Vincent DeAngelo

Attorney Tracie Molinaro

(8)
asc